UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01985-MCS-MAR | Date | June 11, 2025 |
| Title | *Julia Kim v. Baxter Healthcare Corporation et al.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER DENYING MOTION TO REMAND (ECF NO. 25) AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED

Plaintiff Julia Kim filed suit in the Los Angeles County Superior Court on December 8, 2023, asserting state law claims against unnamed "Doe" defendants. Plaintiff later amended her complaint, adding Defendants Baxter Healthcare Corporation, Cardinal Health, Inc., Fresenius Kabi USA, LLC, Hospira, Inc., Kenvue Brands LLC, and Quva Pharma, Inc. (*See generally* FAC, ECF No. 1-3.) Defendants Baxter Healthcare Corporation and Quva Pharma, Inc., were dismissed while the action was in state court. (*See* Not. Int. Parties., ECF No. 28.) Plaintiff subsequently voluntarily dismissed claims against Defendants Cardinal Health, Inc., Fresenius Kabi USA, LLC, Hospira, Inc., and Kenvue Brands LLC. (Nots. of Dismissal, ECF Nos. 13, 17, 23.) Subsequently, Plaintiff filed a motion to remand this case back to state court. (Mot., ECF No. 25.) The only remaining Defendants are Doe defendants who have not been identified or served. The Court deems the motion appropriate for decision without a hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Plaintiff argues that remand is appropriate because "[t]his case was removed on the basis of diversity jurisdiction" and "the only remaining parties are the Doe

defendants, so "no diversity of jurisdiction currently exists between the Plaintiff and the unnamed Doe Defendants." (Mot. 1–2.) But jurisdiction is assessed at the time of removal, 28 U.S.C. § 1441, and "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010); *see also Lawrence v. Fairfield Processing Corp.*, No. 4:22-cv-00985-SRC, 2022 U.S. Dist. LEXIS 189957, at *4 (E.D. Mo. Oct. 18, 2022) ("[O]nce a federal court has subject-matter jurisdiction over a case, it has a virtually unflagging obligation to exercise it . . . So in a properly removed case, subject-matter jurisdiction is a beast that parties, wielding joint motions for remand like steely knives, just can't kill." (internal quotation marks omitted)). Plaintiff also contends that the Doe defendants defeat diversity. (Mot. 3.) They do not. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity], the citizenship of defendants sued under fictitious names shall be disregarded.").

"Plaintiff is expected to ascertain the identity of, and serve, any fictitiously named defendant, within 90 days of the removal of the action to this Court." (Initial Standing Order § 7(a), ECF No. 8.) Additionally, the Court must dismiss without prejudice an action against a defendant who is not served within 90 days after the filing or removal of an action. Fed. R. Civ. P. 4(m); *see Whidbee v. Pierce County*, 957 F.3d 1019, 1023 (9th Cir. 2017). More than 90 days have passed since this action was removed to this Court on March 6, 2025, and Plaintiff has not amended her complaint to identify the Does, requested issuance of a summons with which to serve them, or served them. (NOR, ECF No. 1.)

The Court orders Plaintiff to show cause why the claims against the Doe defendants should not be dismissed without prejudice pursuant to Initial Standing Order § 7 and Federal Rule of Civil Procedure 4(m). Plaintiff shall file a written response in seven days. In lieu of filing a response, Plaintiff may file a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i), which might allow her to pursue claims against the Doe defendants in a new state court action. Failure to file a response will result in dismissal without further notice.

**IT IS SO ORDERED.**